THIS OPINION
IS A PRECEDENT OF THE
TTAB

Mailed: 3/28/12

**UNITED STATES PATENT AND TRADEMARK OFFICE**

————

**Trademark Trial and Appeal Board**

————

In re Strategic Partners, Inc.

————

Serial No. 77903451

————

George W. Hoover of Blakely, Sokoloff, Taylor & Zafman for
Strategic Partners, Inc.

Edward Fennessy, Trademark Examining Attorney, Law Office
114 (K. Margaret Le, Managing Attorney).

————

Before Seeherman, Quinn and Kuczma,
Administrative Trademark Judges.

Opinion by Quinn, Administrative Trademark Judge:

Strategic Partners, Inc. filed, on December 31, 2009,

an application to register the mark shown below

for "footwear."  The application claims a date of first use

anywhere and first use in commerce of August 2008.

The trademark examining attorney refused registration

under Section 2(d) of the Trademark Act, 15 U.S.C.

§1052(d), on the ground that applicant's mark, when applied to applicant's goods, so resembles the previously registered mark shown below



for "jackets, shirts, pants, stretch T-tops and stoles"[1] as to be likely to cause confusion.

When the refusal was made final, applicant appealed. Applicant and the examining attorney filed briefs.

Applicant, although arguing that the marks and goods are different, centers its arguments on its ownership of an existing registration that has coexisted with the cited registration for over five years. Applicant claims ownership of Registration No. 3134825 (issued August 29, 2006) of the mark ANYWEARS (in standard characters) for "footwear, namely, men's, women's and children's shoes; hosiery; socks; stockings; insoles, but not including other

---

[1] Registration No. 2802588, issued January 6, 2004; Section 8 filed and accepted. The registration includes the following statement: "The name in the mark, 'JOSIE NATORI,' identifies a living individual whose consent is of record."

clothing items."[2]  Applicant contends, "apart from stylization, this mark is simply the singular form of applicant's currently registered mark ANYWEARS."  (Brief, p. 3).  Further, applicant points out that the identification of goods in its existing registration and present application are identical in part.  Applicant argues that the coexistence of its existing registration with the cited registration is a significant fact to consider in the likelihood of confusion analysis.  Applicant concludes "[i]n view of applicant's current registration of ANYWEARS, which is *prima facie* evidence that this mark is not confusingly similar to any other registered mark, and in view of the fact that the subject mark ANYWEAR is essentially identical to the registered mark ANYWEARS, it is an inescapable conclusion that the subject mark is not confusingly similar to the cited mark."

---

[2] The application also includes a claim of ownership of Registration No. 2804693 (issued January 13, 2004) of the mark shown below:



("Shoe Company" disclaimed) for the same goods.  Applicant did not file a Section 8 affidavit of continued use, and the registration was cancelled on August 20, 2010.

(Brief, p. 5).[3]  In its reply brief, applicant adds:

"Applicant is mindful of the close relationship between clothing and footwear, but the differences between the identified goods, combined with the differences between the marks' designs, is greater than the difference between the singular and plural forms of applicant's mark."  (Reply Brief, p. 2).

The examining attorney maintains that applicant's mark and the registered mark are similar, and that the goods are related.  The examining attorney also states that the trade channels for clothing and footwear are identical.  In response to applicant's reliance on its existing registration, the examining attorney argues that it does not justify the registration of the "different proposed mark":  "applicant has essentially amended its previously registered mark in a manner that makes it more similar to the registered mark," because "this amendment effectively eliminates the few differences that could enable consumers to distinguish the marks, making confusion likely."

---

[3] To the extent the reference to "prima facie evidence" may be an allusion to Section 7(b) of the Trademark Act, 15 U.S.C. § 1057(b), applicant's reliance thereon overstates the statutory presumptions.  Section 7(b) states that a registration certificate is *prima facie* evidence of a number of things; the statute does not, however, state that a registration certificate is *prima facie* evidence that a registered mark is not confusingly similar to any other registered mark.

(Brief, unnumbered p. 13). The examining attorney also makes the point that the prior decisions and actions of other examining attorneys have little evidentiary value and are not binding on him. In support of his contention that the goods are related, the examining attorney submitted third-party registrations, portions of third-party websites, and excerpts of printed publications.

Our determination under Section 2(d) is based on an analysis of all of the facts in evidence that are relevant to the factors bearing on the likelihood of confusion issue. *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973).

There is no question that the marks are similar; the dominant element in the cited mark is ANYWEAR, and applicant's mark is ANYWEAR in a slightly stylized form. Further, the examining attorney has submitted third-party registrations showing the relatedness of the goods, that is, that both footwear and the clothing items identified in the cited registration may emanate from a single source under a single mark. The relatedness between footwear and clothing is further demonstrated by the examining attorney's Internet evidence and excerpts of printed publications showing that these goods often emanate from

the same source, travel in the same trade channels, and are bought by the same classes of purchasers.

We would conclude, under usual circumstances, that confusion is likely to occur among consumers in the marketplace.

There is an unusual situation in the present case, however, which must be considered in our analysis. We must balance the similarities between the marks and goods against the facts that applicant already owns a registration for a substantially similar mark for the identical goods, and that applicant's registration and the cited registration have coexisted for over five years.

The thirteenth *du Pont* factor relates to "any other established fact probative of the effect of use." Indeed, each case must be decided on its own specific and, sometimes, unique facts. This final factor accommodates the need for flexibility in assessing each unique set of facts, such as is the case in the present appeal.

As indicated above, applicant's existing registration for the ANYWEARS mark identifies the goods as "footwear, namely, men's, women's and children's shoes; hosiery; socks; stockings; insoles, but not including other clothing items." The identification of goods in the involved application, "footwear," is identical in part to the

identification of goods set forth in the existing registration.

Applicant's existing registration is for the mark ANYWEARS in standard character form, and applicant now seeks to register the mark ANYWEAR in a slightly stylized form. Applicant's registered mark in standard character form entitles it to depict the mark regardless of font style, size or color. *In re Viterra Inc.*, ___F.3d___, 101 USPQ2d 1905 (Fed. Cir. 2012); and *Citigroup Inc. v. Capital City Bank Group Inc.*, 637 F.3d 1344, 98 USPQ2d 1253, 1258-59 (Fed. Cir. 2011). Thus, applicant's existing registration of ANYWEARS in standard character form means that the mark can be depicted in the identical font style and size in which applicant's applied-for mark is shown (or, for that matter, in the identical manner in which the ANYWEAR portion of registrant's mark is depicted). Accordingly, there is no meaningful difference between the standard character and stylized versions of applicant's marks.

Likewise, the difference between the singular form ANYWEAR depicted in the applied-for mark and the plural form ANYWEARS in applicant's existing registration is not meaningful. *See Wilson v. Delauney*, 245 F.2d 877, 114 USPQ 339, 341 (CCPA 1957) ("It is evident that there is no

material difference, in a trademark sense, between the singular and plural forms of the word 'Zombie' and they will therefore be regarded here as the same mark."); and *Chicago Bears Football Club v. 12th Man/Tennessee LLC*, 83 USPQ2d 1073, 1077 (TTAB 2007) ("we cannot attribute much trademark significance to the difference in the plural and singular form of the word 'Bear' in the marks"). Purchasers are unlikely to perceive any distinction in overall commercial impression between ANYWEARS and ANYWEAR.

Applicant's registered mark, a mark that is substantially similar to the applied-for mark, both covering "footwear," has coexisted with the cited mark for over five years. At this stage, applicant's existing registration is over five years old, and thus is not subject to attack by the owner of the cited registration on a claim of priority and likelihood of confusion. *Cf. In re Sunmarks Inc*., 32 USPQ2d 1470 (TTAB 1994). We find that these facts tip the scale in favor of applicant and a finding of no likelihood of confusion.

So as to be clear, in saying that applicant's registered mark and its applied-for mark are substantially similar, and are for identical goods, we are not applying the so-called *Morehouse* defense. *Morehouse Mfg. Corp. v. J. Strickland & Co*., 407 F.2d 881, 166 USPQ 715 (CCPA

1969).  The Morehouse defense is an equitable affirmative defense which, in appropriate circumstances, may be asserted by a defendant/applicant in an *inter partes* proceeding.  It is based on the principle that "[a]n opposer cannot be 'damaged' within the meaning of Lanham Act §13 by registration of a mark for particular goods or services if applicant owns an existing registration for the same or substantially identical mark for the same or substantially identical goods."  J.T. McCarthy, McCarthy on Trademarks and Unfair Competition, § 20:38 (4th ed. 2008). *See O-M Bread Inc. v. United States Olympic Committee*, 65 F.3d 933, 36 USPQ2d 1041 (Fed. Cir. 1995); *Green Spot (Thailand) Ltd. v. Vitasoy International Holding Ltd.*, 86 USPQ2d 1283 (TTAB 2008); and *Teledyne Technologies Inc. v. Western Skyways Inc.*, 78 USPQ2d 1203 (TTAB 2006), *aff'd*, (Appeal Nos. 06-1366, 1367, Fed. Cir., Dec. 6, 2006).  This defense does not apply in an *ex parte* context.

Rather, the present case involves the unique situation presented by the coexistence of applicant's existing registration with the cited registration for over five years, when applicant's applied-for mark is substantially similar to its existing registered mark, both for identical goods.  When we consider these facts under the thirteenth *du Pont* factor, we find in this case that this factor

outweighs the others and leads us to conclude that confusion is unlikely.

**Decision:**   The refusal to register is reversed.